UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KTB OIL CORPORATION,

          Plaintiff,

    v.

M/V CIELO DI TOKYO,

          Defendant.

No.  2:12-cv-01834-MCE-KJN

**MEMORANDUM AND ORDER**

      KTB Oil Corporation ("Plaintiff") filed an *in rem* against M/V CIELO DI TOKYO ("Defendant") on July 11, 2012.  (ECF No. 1.)  Defendant was arrested on July 11, 2012 in Stockton, California.  On July 13, 2012, Magistrate Judge Newman vacated the arrest after Defendant agreed to supply $215,000 in escrow until the Court resolved the dispute.  (ECF No. 12.)  On October 5, 2012, SK Shipping. Co ("SK Shipping") filed a restricted appearance on behalf of Defendant pursuant to Supplemental Rules for Admiralty or Maritime Claims, Rule E(8) and requested both an Admiralty Rule E(4)(f) hearing and a dismissal.[1]  (ECF No. 20-1.)  Plaintiff opposed SK Shipping's Motion.  (ECF No. 22.)  On January 24, 2013, the Court held a hearing on Defendant's Motion.

---

[1] Unless specified otherwise all further references to the Rule or Rules refer to the Federal Rules of Civil Procedure.  Similarly, unless specified otherwise all further references to Admiralty Rule or Admiralty Rules apply to the Federal Rules of Civil Procedure, Supplemental Rules of Admiralty or Maritime Claims.

Based on the reasons below, SK Shipping's Motion is GRANTED in part and DENIED in part.

**PERTINENT FACTUAL BACKGROUND[2]**

Plaintiff is a South Korean company that provides bunkers and fuel to vessels. SK Shipping is also a Korean company, and it chartered Defendant (a vessel) from February 2012 to April 25, 2012. In April 2012, Plaintiff and SK Shipping agreed that Plaintiff would deliver approximately 200 tons of bunker fuel to Defendant in Camden, New Jersey, in exchange for about $154,000. Plaintiff delivered the oil on April 16, 2012, and then tried to recover the remainder of the payment from SK Shipping after May 15, 2012, without success.

During the April delivery, several oil samples were taken from Defendant's manifold and bunker barge discharge line. The oil Plaintiff delivered to Defendant was "off-spec" oil with regards to its density and viscosity. Using off-spec oil could have damaged Defendant's engine and generators and endangered the people aboard Defendant. SK Shipping contacted Plaintiff about the off-spec oil on April 24, 2012. SK Shipping tested the additional samples on June 6, 2012, and Plaintiff's representatives attended the additional testing remotely. The contested oil was never burned; it was removed from Defendant and sold to another buyer at a discounted price because the oil was off-spec. Rule E(4)(F) Hr'g Tr. 14-15, Jan. 24, 2013.

SK Shipping refused to pay for the oil Plaintiff delivered because it alleges the oil Plaintiff delivered was off-spec and unsuitable for use. Plaintiff demands payment for the April 2012 oil. In July 2012, Plaintiff initiated a maritime lien, an action against the ship itself. When Defendant was arrested in July 2012, SK Shipping no longer controlled Defendant. An unnamed party owns Defendant.

---

[2] Unless specified otherwise the facts are taken from SK Shipping's Motion to Dismiss. (ECF No. 20-1.)

**MOTION TO VACATE ARREST**

Supplemental Rule E(4)(f) provides that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated."  Thus, the Admiralty Rules provide that the plaintiff has the burden of showing why an arrest should not be vacated.  The Ninth Circuit has not ruled on the specific standard that a plaintiff must meet; however, a majority of courts that have ruled on the issue have held that plaintiffs must meet a "probable cause showing."  See  Newport News Ship and Dry Dock Co. v. S.S. Indeep., 872 F. Supp. 262, 265 (E.D. Va. 1994); OSShip.Co. Ltd. v. Global Mar.Trust(s) Private Ltd. 2011 WL 1750449, at *4D. (Or., May 6, 2011); Sea Prestigio, LLC v. M/Y TRITON,2010 WL 5376255, at *2 (S.D. Cal., Dec. 22, 2010); Del Mar Seafoods, Inc. v. Cohen, 2007 U.S. Dist. LEXIS 64426 *8 (N.D. Cal. Aug. 16, 2007).  Under a probable cause standard, a plaintiff must demonstrate that the evidence shows a fair or reasonable probability that plaintiff will prevail on their claim.

In this case, Plaintiff must show that Plaintiff is likely to establish a maritime lien. Absent a maritime lien, Plaintiff cannot prove that Plaintiff had the authority to arrest Defendant.  In order to meet this burden, Plaintiff must show that Plaintiff's contract demands that American law applies to this dispute over the non-payment of oil. Plaintiff's ability to succeed hinges on whether English or American law applies in this instance.  According to United States maritime lien law, "a person providing necessaries to a vessel on the order of the owner or person authorized by the owner . . . has a maritime lien on the vessel" and "may bring a civil action in rem to enforce the lien." 46 U.S.C. § 31342; Trans-Tec Asia v. M/V HARMONY CONTAINER, 518 F. 3d 1120, 1127 (9th Cir. 2008).  American law classifies oil as a necessary and permits a lien for the non-payment of oil; while English law does not.  See North End Oil, Ltd. v. M/V Ocean Confidence, 777 F. Supp. 12, 13 (C.D. Cal. 1991).

///

1   Thus, if U.S. law applies, Plaintiff will be able to establish a maritime lien, but if English

2   law applies Plaintiff will be unable to establish a lien.

3       This dispute arises from Plaintiff's "confusing" contract.  (ECF No. 1, Ex. 2.)

4   Plaintiff sent SK Shipping their General Conditions for the Delivery of Bunker Oil

5   ("General Conditions") when the two parties agreed to the sale.  Id.  The parties did not

6   negotiate the contract.  The following sections from Plaintiff's General Conditions make

7   the contract confusing and difficult to interpret.

8       Clause 5 states:

9           the seller retains title to the delivered bunker oil until the
            invoiced amount has been paid in full in so far as the Seller
10          has this right according to the law of the place of delivery or
            according to the law of the vessel's flag State or according to
11          the law where the vessel is found.  It should be noted that
            rule concerning venue and choice of law as stated in Clause
12          14 shall be deemed to be unwritten in relation to the rights
            conferred on the Seller in pursuance of this paragraph.
13

14      Id. (emphasis added)

15      Clause 10 states:

16          [i]n addition to the fact that the Buyer shall be liable for the
            payment of purchase price and any costs in pursuance of
17          clause 8, the Seller reserves the right to look to the ship
            owner for payment to the extent that the ship owner is liable
18          according to the legislation of place of delivery or the flag
            State of the vessel or the owner's place of business and the
19          Seller reserves the right to take precautions by means of a
            maritime lien or the like in the vessel in so far as such lien is
20          permitted in a jurisdiction where the vessel may be found.  It
            should be noted that the rule concerning venue and choice of
21          law as stated in clause 14 shall be deemed to be unwritten in
            relation to the rights conferred on the Seller in pursuance of
22          this clause.

23      Id. (emphasis added)

24      Clause 15 states:

25          This present Agreement is subject to English law unless
            otherwise provided in clauses 5 and 9.  In case of breach of
26          contract by the Buyer, the Seller shall moreover be entitled to
            take such legal action in any court of law in any state or
27          country which the Seller may choose and which the Seller
            finds relevant in order to safeguard or exercise the Seller's
28          rights in pursuance of this present Agreement.

1   Id. (emphasis added)  Both clauses 5 and 10 state that "the rule concerning venue and

2   choice of law as stated in clause 14 shall be deemed to be unwritten."  However, clause

3   14 does not mention venue or choice of law.  Instead, clause 15 provides that the

4   agreement is subject to "English law unless otherwise provided in clauses 5 and 9."  Id.

5   Clause 9 is also silent regarding venue and choice of law.  This combination of errors

6   makes it difficult to ascertain which country's law the General Conditions intended to

7   apply in this instance.

8        In its papers and at the January 24 hearing, Plaintiff argued that "the key clause is

9   10" and the General Conditions are subject to reformation in this case because of a

10  "scrivener's error."  Rule E(4)(F) Hr'g Tr. 2-4.  Plaintiff's counsel argued that the only way

11  the contract makes sense is if the Court cuts clause 15 and deems all the language

12  related to choice of law and venue in clauses 5 and 10 unwritten.  If the Court followed

13  Plaintiff's suggestion, clause 10 would permit an American maritime lien because the

14  vessel was found in Stockton, California.

15       In contrast, SK Shipping made two arguments.  First, clause 15 should govern

16  this dispute.  In the alternative, the General Conditions are so confusing that it would be

17  unfair to force Plaintiff's interpretation on an unsuspecting party or for the court to reform

18  the contract to hold on to the assets of a third party.  Rule E(4)(F) Hr'g Tr. 8-9.

19       At the hearing, the Court asked Plaintiff why the doctrine of *contra proferentem*

20  should not apply.

21

22           The doctrine of *contra proferentem* is based on the
             commonsense notion that ambiguous language should be
23           interpreted against the drafter because that party was in the
             best position to prevent the ambiguity; that is, the provision
             should be construed less favorably to that party which
24           selected the contractual language."

25  NW. Admin., Inc. v. B.V. & B.R. Inc., 813 F.2d 223, 226 (9th Cir. 1987).  Plaintiff argued

26  that the General Conditions were not ambiguous.  Rule E(4)(F) Hr'g Tr. 13.  Plaintiff's

27  argument fails as the General Conditions are confusing and ambiguous; clause 15 is the

28  only provision that clearly states which country's laws should apply.

1  Plaintiff's counsel asked this court to erase sections in two clauses (clauses 5 and 10)

2  and cut an entire clause (clause 15) to reach its desired end.  At this prejudgment stage,

3  the Court is not prepared to take such drastic steps.

4      Plaintiff's counsel also argued that Trans-Tec Asia "say[s] that U.S. maritime liens

5  can always attach if fuel is delivered within the United States."  Rule E(4)(F) Hr'g Tr. 2-4.

6  This argument fails as well because Trans-Tech Asia makes it clear that "absent a

7  strong showing that it should be set aside, parties' choice of law provision, as part of

8  freely negotiated private international agreement, unaffected by fraud, undue influence,

9  or overweening bargaining should be given full effect."  Trans-Tec Asia, 518 F.3d at

10  1124.

11      Plaintiff failed to meet its burden in this case and show a "fair or reasonable

12  probability that plaintiff will prevail on their claim."  The Court is not willing to uphold the

13  arrest of a third party's assets if the Court has to rewrite an entire contract to reach that

14  decision.  Plaintiff did not present enough evidence for a prejudgment arrest.

15

16  **MOTION TO DISMISS**

17  **A.      Fed. R. Civ. P. 12(b)(1)**

18

19      Federal courts are courts of limited jurisdiction and are presumptively without

20  jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

21  377 (1994).  The burden of establishing the contrary rests upon the party asserting

22  jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a

23  case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630

24  (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at

25  any point during the litigation through a motion to dismiss pursuant to Federal Rule of

26  Civil Procedure 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l

27  Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

28  ///

1    Lack of subject matter jurisdiction may also be raised by the district court *sua sponte*.

2    Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an

3    independent obligation to determine whether subject matter jurisdiction exists, even in

4    the absence of a challenge from any party."  Id.; see Fed. R. Civ. P. 12(h)(3) (requiring

5    the court to dismiss the action if subject matter jurisdiction is lacking).

6          There are two types of motions to dismiss for lack of subject matter jurisdiction: a

7    facial attack and a factual attack.  Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.,

8    594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the

9    allegations of jurisdiction contained in the nonmoving party's complaint, or may

10    challenge the existence of subject matter jurisdiction in fact, despite the formal

11    sufficiency of the pleadings.  Id.

12          When a party makes a facial attack on a complaint, the attack is unaccompanied

13    by supporting evidence, and it challenges jurisdiction based solely on the pleadings.

14    Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to

15    dismiss constitutes a facial attack, the Court must consider the factual allegations of the

16    complaint to be true, and determine whether they establish subject matter jurisdiction.

17    Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

18    2003).  In the case of a facial attack, the motion to dismiss is granted only if the

19    nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id.

20    However, in the case of a facial attack, district courts "may review evidence beyond the

21    complaint without converting the motion to dismiss into a motion for summary judgment."

22    Safe Air for Everyone, 373 F.3d at 1039.

23          In its Motion to Dismiss (ECF No. 20-1.), SK Shipping alleges that the Court lacks

24    subject-matter jurisdiction.  SK Shipping's argument fails.  Both the United States

25    Constitution and 28 U.S.C. § 1333 grant the Court subject matter jurisdiction.  Del Mar

26    Seafoods Inc., 2007 U.S. Dist. LEXIS 64426 *8.  Further, the Court's decision to vacate

27    the prejudgment arrest does not affect this analysis, as the question of when a lien exists

28    is a question on the merits, not of jurisdiction.

1   Ventura Packers, Inc. v. F/V JEANINE KATHLEEN, 305 F.3d 913, 920 (9th Cir. 2002).

2   In this instance, the substantive and jurisdictional issues are too bound together to

3   dismiss for lack of subject matter jurisdiction.  While Federal Courts are courts of limited

4   jurisdiction, the Constitution empowers them to hear "all cases of admiralty and maritime

5   jurisdiction."  U.S. Const. art. II. § 2, cl. 2.

6

7        **B.     Fed. R. Civ. P. 12(b)(2)**

8

9        At this stage, Plaintiff is responsible for establishing the district court's jurisdiction.

10   Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29

11   (9th Cir. 2003).  However, Plaintiff "need only demonstrate facts that if true would

12   support jurisdiction over the defendant."  Id. at 1129.  Because there is not a federal

13   statue governing personal jurisdiction, the Court applies California's long-arm statute

14   which permits the court to "exercise personal jurisdiction over defendants to the extent

15   permitted by the Due Process Clause of the United States Constitution."  Id.  Thus, the

16   Court "need only determine whether personal jurisdiction in this case would meet the

17   requirements of due process."  Id.  Due process requires an absent Defendant to "have

18   certain minimum contacts with it such that the maintenance of the suit does not offend

19   'traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington.,

20   326 U.S. 310, 316 (1945).

21        In its Motion to Dismiss (ECF No. 20-1), SK Shipping alleges that there is no

22   personal jurisdiction in this case.  Plaintiff established its prima facie case for personal

23   jurisdiction because the vessel was present in Stockton, California, when it was arrested

24   and a U.S. Marshall served the vessel with process while it was in Stockton, California.

25   (ECF No. 22.)  Based on the moving papers, Defendant appears to spend a substantial

26   amount of the time in the United States.  Plaintiff re-fueled Defendant in New Jersey and

27   the U.S. Marshalls arrested the vessel in Stockton, California.  Based on the facts, SK

28   Shipping could have reasonably anticipated being hauled into court in California.

1  SK Shipping agreed to an oil delivery in New Jersey and the vessel was found in

2  California.

3

4       **C.       Fed. R. Civ. P. 12(b)(6)**

5

6       On a motion to dismiss for failure to state a claim under Federal Rule of Civil

7  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

8  construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut.Ins.

9  Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

10  statement of the claim showing that the pleader is entitled to relief" in order to "give the

11  defendant fair notice of what the [. . .] claim is and the grounds upon which it rests."  Bell

12  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

13  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

14  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

15  his entitlement to relief requires more than labels and conclusions, and a formulaic

16  recitation of the elements of a cause of action will not do."  Id. (internal citations and

17  quotations omitted).  A court is not required to accept as true a "legal conclusion

18  couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

19  (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right

20  to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan

21  Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating

22  that the pleading must contain something more than "a statement of facts that merely

23  creates a suspicion [of] a legally cognizable right of action.")).

24       Furthermore, "Rule 8(a)(2). . . requires a showing, rather than a blanket assertion,

25  of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and quotations

26  omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

27  a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

28  of the claim, but also 'grounds' on which the claim rests."

1    Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must

2    contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at

3    570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable

4    to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded

5    complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

6    improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting

7    Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

8          SK Shipping alleges that Plaintiff failed to state a claim upon which relief can be

9    granted.  There are numerous contested facts in this case.  The following is a list, but not

10    an exhaustive one of the contested issues: whether the oil Plaintiff delivered to

11    Defendant was "off-spec," which oil samples are representative of the contested oil's

12    quality, how to interpret the General Conditions, whether Plaintiff breached the contract,

13    and whether SK Shipping owes Plaintiff money.  Thus, dismissal for failure to state a

14    claim would be completely inappropriate.

15

16                    **CONCLUSION**

17

18          For the foregoing reasons, SK Shipping's Motion is GRANTED in part.  (ECF

19    No. 20.)  Defendant's arrest is VACATED and SK Shipping's funds are RELEASED.

20    SK Shipping's Motion to Dismiss is DENIED.

21          IT IS SO ORDERED.

22    Dated:   February 25, 2013

23

24

25    _____

26    MORRISON C. ENGLAND, JR., CHIEF JUDGE
      UNITED STATES DISTRICT JUDGE

27

28